UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| WILLIAM S. WHIPPLE, et al., | : | CIVIL ACTION NO. 06-2541 (MLC) |
| | : | |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| MATTHEW LOFTUS, et al., | : | |
| | : | |
| Defendants. | : | |

**THE COURT** having ordered the plaintiffs to show cause why the complaint should not be dismissed for lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure ("Rule") 41(b) (dkt. entry no. 8, 2-5-07 Order to Show Cause); and the action having been pending for more than 120 days without the plaintiffs taking any proceedings; and the plaintiffs having been advised that the Court intended to dismiss the complaint unless good cause was shown for the lack of prosecution (id.), see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and the Court having directed the plaintiffs to respond by February 14, 2007 (2-5-07 Order to Show Cause, at 3); and the plaintiffs failing to respond, even though the time period to do so elapsed six days ago; and

**IT APPEARING** that a Court, when deciding whether to dismiss a complaint under Rule 41(b), must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and

**THE PLAINTIFFS** failing to (1) respond to the Court's inquiry, or (2) prosecute the action for more than 120 days; and it appearing that this is the second time that the Court has had to expend judicial resources to encourage the plaintiffs to prosecute this action (see dkt. entry no. 2, 10-6-06 Order to Show Cause); and thus the Court concluding that the plaintiffs have (1) become personally responsible for the delay, (2) been consistently dilatory, and (3) demonstrated willful conduct; and thus the first, third, and fourth Poulis factors weighing against the plaintiffs; and

**THE COURT** concluding that the plaintiffs' consistent delay in prosecution has prejudiced the defendants in their defense of this action; and thus the second Poulis factor weighing against the plaintiffs; and the Court affording the plaintiffs — and the plaintiffs failing to take advantage of — this second opportunity to proceed; and the Court concluding that a sanction other than

dismissal will engender more delay and be ineffective; and thus the fifth <u>Poulis</u> factor weighing against the plaintiffs; and the Court, due to the plaintiffs' dilatory conduct, being unable to discern whether the claims herein have merit; and thus the Court deeming the sixth <u>Poulis</u> factor to be neutral; and

    **THE COURT** balancing the aforementioned six factors; and it appearing that the complaint should be dismissed for failure to prosecute; and thus the Court intending to (1) grant the order to show cause, and (2) dismiss the complaint for the plaintiffs' failure to comply with Rule 41(b) and Local Civil Rule 41.1(a); and the Court, as to Local Civil Rule 41.1(a), being authorized to impose harsh penalties when enforcing the Local Civil Rules, <u>see</u> <u>Kabacinski v. Bostrom Seating</u>, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), <u>United States v. 11 Vehs., Their Equip. & Accessories</u>, 200 F.3d 203, 214 (3d Cir. 2000); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge